CANADY, Judge.
The State appeals an order of the trial court imposing probation on C.C., a juvenile, for the offense of grand theft. The State argues that the imposition of probation was illegal because section 985.314, Florida Statutes (2003), required the court to commit C.C. to boot camp. Because the statute required the trial court to commit C.C. to boot camp or to an equivalent program of similar intensity, we reverse.
Section 985.314(1), Florida Statutes (2003), provides, in relevant part, as follows:
(1) Notwithstanding any other law and regardless of the child’s age, a child who is adjudicated delinquent, or for whom adjudication is withheld, for an act that would be a felony if committed by an adult, shall be committed to:
(a) A boot camp program under s. 985.309 if the child has participated in an early delinquency intervention program as provided in s. 985.305.
[[Image here]]
(2) In committing a child to the appropriate program, the court may consider an equivalent program of similar intensity as being comparable to a program required under subsection (1).
It was undisputed at the disposition hearing that C.C. had been unsuccessfully discharged from an early delinquency intervention program prior to the grand theft offense. It was also undisputed that the grand theft would have been a felony if committed by an adult. Based upon these undisputed facts, we conclude that the requirement of section 985.314(l)(a) was applicable, requiring a boot camp commitment.
C.C.’s appellate counsel argues that the trial court’s decision not to send C.C. to a boot camp program was appropriate because C.C. was not physically fit enough to participate in such a program. However, the only infirmity that defense counsel suggests that C.C. suffers from is being “at least forty pounds overweight.” The trial court indicated no specific reason that C.C. could not participate in boot camp, stating only that she “was not healthy enough.” The Department of Juvenile Justice counselor agreed that boot camp was probably not appropriate but recommended placement in a moderate risk residential program.[1]
*83 We conclude that the trial court’s imposition of probation was unlawful. We note that the trial court had discretion under section 985.314(2) to select an “equivalent program of similar intensity” for C.C. This section defines the bounds of the trial court’s discretion with respect to the commitment of offenders such as C.C. The probation imposed was not an “equivalent program of similar intensity” to boot camp. Thus, the trial court’s decision did not conform with the requirements of section 985.314.
We reverse the trial court’s order imposing probation and remand this case with instructions that the trial court commit C.C. as required by section 985.314 to a boot camp program or, alternatively, to an equivalent program of similar intensity.
Disposition reversed and remanded.
FULMER and VILLANTI, JJ„ Concur.

. We note that the entities responsible for boot camp .programs are required to screen *83 those sent to such programs both medically and psychologically. Section 985.309(4) provides:
The department, county, or municipality operating the boot camp program shall screen children sent to the boot camp program, so that only those children who have medical and psychological profiles conducive to successfully completing an intensive work, educational, and disciplinary program may be admitted to the program. The [Department of Juvenile Justice] shall adopt rules for use by the department, county, or municipality operating the boot camp program for screening such admissions.